IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-30323

---

VIRGIE LEE VALLEY, et al.

                              Plaintiffs


UNITED STATES OF AMERICA

                              Intervenor-Plaintiff-Appellee

                    versus

RAPIDES PARISH SCHOOL BOARD, a corporation
                              Defendant-Appellee

RICHARD P. IEYOUB, Attorney General
 of the State of Louisiana
                              Appellant

---

Appeal from the United States District Court
for the Western District of Louisiana

---

April 22, 1999

Before KING, Chief Judge, and WISDOM, POLITZ, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES, STEWART, PARKER, and DENNIS, Circuit Judges.

WISDOM, Circuit Judge:

We are persuaded that this case should be remanded to the United States district court with instruction to grant promptly the request of the State of Louisiana for full opportunity to defend its creation of a new school district.  On remand the district court will allow the State of Louisiana the opportunity to

discharge its burden of demonstrating that its newly created district will not adversely impact the desegregation plan now in place in the Rapides School District. Specifically, the district court will postpone any further action on the appropriateness of implementation of the newly created district until a board of trustees has been selected in accordance with state law. Once such board is in place, the district court shall conduct one or more hearings to allow the state and new board the opportunity to demonstrate that implementation and operation of the proposed district will not adversely impact the plan of desegregation under which the district now operates.

First, the state and the new board of trustees must at the outset prove the availability of procedures, methods, and agreements that if put in place will avoid any adverse impact upon the present federal plan of desegregation of creating the district and that they will support implementation of those procedures, methods, and agreements. Second, after this proof of available methods, procedures, and agreements, and statement of support, the state may proceed with organizing the newly created district only as the state and the organizing district carry their burden of proving at each appropriate step along the way

> how [the new district] plans to work with [the present district] regarding interdistrict pupil assignments, including transportation; curriculum composition and control; teacher employment, discharge, assignment and transfer; financing and taxation; school building construction, utilization and closing procedures; special district-wide efforts such as the magnet school program;

2

administration; and any other areas of public school operations or support which the district court may specify as pertinent to the accomplishment of its underlying desegregation order. See Singleton v. Jackson Mun. Separate Sch. Dist., 419 F.2d 1211, 1217-1219 (5th Cir. 1970). Even after this definitive statement has been made, the burden remains on [the newly created district] to establish that its implementation and operation will meet the tests outlined for permitting newly created districts to come into being for parts of districts already under an ongoing court desegregation order (emphasis added).

Ross v. Houston Indep. Sch. Dist., 559 F.2d 937, 944-45 (5th Cir. 1977).

The district court's orders declaring the statute unconstitutional are vacated and remanded with instruction. The state will advise the district court if, aware of this order, it intends to proceed with electing a board of trustees.

VACATED and REMANDED.

3