IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30232
_____


CLIFFORD EUGENE DAVIS, JR; NATIONAL
ASSOCIATION FOR THE ADVANCEMENT OF
COLORED PEOPLE

                         Plaintiffs-Appellees

UNITED STATES OF AMERICA

                         Intervenor Plaintiff-Appellee

v.

EAST BATON ROUGE PARISH SCHOOL BOARD,
ETC; ET AL

                         Defendants

EAST BATON ROUGE PARISH SCHOOL BOARD,
a Corporation

                         Defendant-Appellee

v.

CITY OF BAKER SCHOOL BOARD,

                         Defendant-Movant-Appellant

_____

        Appeal from the United States District Court
          for the Middle District of Louisiana
_____

                     March 8, 2001

Before KING, Chief Judge, ALDISERT,[*] and BENAVIDES, Circuit Judges.

PER CURIAM:[**]

The City of Baker School Board ("Baker") appeals from a provision in the district court's Ruling on Motions (the "Ruling"), entered November 30, 1999, subjecting Baker to the 1996 Consent Decree (the "Consent Decree") entered by the district court and agreed upon by the United States of America, the National Association for the Advancement of Colored People, the original plaintiffs (Clifford Eugene Davis, et. al.), and the East Baton Rouge Parish School Board. For the following reasons, we VACATE the provision of the Ruling that binds Baker to the Consent Decree.[1]

Because the district court's order has the effect of an injunction vis-à-vis Baker, this court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1). See 28 U.S.C. § 1292(a) (1993); see also Roberts v. St. Regis, 653 F.2d 166, 170 (5th Cir. 1981).

The focus of this dispute is a single provision inserted into the Ruling, which required Baker to be "bound by all prior

---

[*]Circuit Judge of the Third Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties do not contest any other provision of the Ruling.

2

orders of the court, including the Consent Decree dated August 1, 1996." The district court entered this injunctive order <u>sua sponte</u>. We interpret the district court's action as recognizing that Baker is subject to all of the well-established legal requirements governing "splinter" school districts, <u>see</u> <u>Valley v. Rapides Parish Sch. Bd.</u>, 173 F.3d 944, 945 (5th Cir. 1999) (en banc); <u>see also</u> <u>United States v. Scotland Neck City Bd. of Educ.</u>, 407 U.S. 484, 488 (1972), and that these requirements cannot be escaped simply by virtue of the fact that Baker is a newly-formed school district. Baker is clearly bound by our case law on this subject. <u>See e.g.</u>, <u>Valley</u>, 173 F.3d at 945; <u>Ross v. Houston Indep. Sch. Dist.</u>, 559 F.2d 937, 944-45 (1977), <u>aff'd in part, vacated in part</u>, 583 F.2d 712 (5th Cir. 1978); <u>Stout v. Jefferson County Bd. of Educ.</u>, 466 F.2d 1213, 1214 (5th Cir. 1972), <u>cert. denied sub nom. Stripling v. Jefferson County Bd. of Educ.</u>, 410 U.S. 928 (1973); <u>Lee v. Macon County Bd. of Educ.</u>, 488 F.2d 746, 752 (5th Cir. 1971).

When and if Baker is able to obtain an order from the district court permitting its separate operation, that order will be tailored to the situation that exists at the time of the entry of that order and will likely have terms and conditions governing Baker's future operations and such matters as, for example, when and under what circumstances Baker will be permitted to file for unitary status. Further, it will likely include provisions modifying the Consent Decree. However, in the meantime, for the

district court to have held that Baker is subject to the Consent Decree is, we believe, an abuse of discretion. All parties acknowledge that there are provisions of the Consent Decree that do not apply and cannot yet apply to Baker in its nascent form. Baker should not be forced to interpret which of these provisions apply to it under the threat of the contempt sanctions potentially available for violations of the Consent Decree.[2]

We, therefore, VACATE the provision of the Ruling binding Baker to the Consent Decree, with the clear understanding that Baker cannot escape the requirements of this circuit's law on splinter school districts and the ongoing authority of the district court.

---

[2] Our concern here is not with the district court's authority to enter injunctive relief covering Baker (even before entry of any order permitting Baker's separate operation), but rather with what all parties recognize as the potentially overbroad nature of the complained of sentence in the Ruling.